UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GEORGE THOMAS RHODEN**, and
**KRISTIN ELANINE RHODEN**,
Plaintiffs,

vs. **CASE NO**: **2:26-CV-2538**

**LITTLE GASPARILLA PROPERTY OWNERS ASSOCIATION, INC**., a Florida not-for-profit corporation, **LGI DOCK 6 ASSOCIATION, INC**., a Florida not-for-profit corporation, and **FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,** a Florida state agency.
Defendants.
_______________________________________/

**COMPLAINT AND JURY DEMAND**

**Plaintiffs, GEORGE THOMAS RHODEN AND KRISTIN ELAINE RHODEN ("Plaintiffs"),** by and through their undersigned counsel, hereby sues Defendants**, LITTLE GASPARILLA PROPERTY OWNERS ASSOCIATION, INC.** (a Florida not-for-profit corporation) ("**LGPOA**")**, LGI DOCK 6 ASSOCIATION, INC. (**a Florida not-for-profit corporation**) ("Dock Association No. 6"), and FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION (a Florida state agency) ("DEP") (collectively, "Defendants"), seeking damages, declaratory judgment under Chapter 86, Florida Statutes, and other relief, and allege as follows:**

## INTRODUCTION

1. Plaintiffs George Thomas Rhoden and Kristin Elaine Rhoden purchased four platted lots in W.A. McElya's Seaboard Subdivision, *Exhibit A*, on Little Gasparilla Island, a bridgeless barrier island in Charlotte County, Florida, as recorded in Plat Book 1, Page 1 1, Public Records of Charlotte County, Florida.

2. On March 20, 2021, Plaintiffs entered into a contract, amended April 6th, 2021, to purchase from R & L Family, LLC ("R&L"), the four lots at 8194, 8198, 8190 and 8186 Grand Avenue for $175,000, in part based on representation that the property had dock access.

3. Defendants have deprived Plaintiff's access to their property and, as a result, have substantially limited the use and value of Plaintiffs' property. Accordingly, Plaintiffs seek damages, declaratory judgment, equitable relief, and an order establishing and confirming Plaintiffs' lawful access to the subject property.

4. Since the relief sought addresses the rights of Plaintiffs as lot owners in the W.A. McElya's Seaboard Subdivision relative to the existing dock associations and their equitable share of access and does not directly affect the specific rights or interests of other individual lot owners, the other lot owners are not necessary parties to this lawsuit.

## JURISDICTION, VENUE, AND PARTIES

5. This Court has subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1332(a)(1)** because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum or value of **$75,000, exclusive of interest and costs**.

6. This Court has personal jurisdiction over Defendants under Section 48.193(1)(a)(2), Florida Statutes, Florida's long-arm statute, as Defendants committed tortious acts. The arbitrary denial of rights by LGPOA, Dock Association No. 6, and DEP (a Florida state agency)—within Florida, causing injury in this state. Additionally, Defendants engaged in substantial and not isolated activity within Florida by managing property interests and submerged lands (LGPOA, Dock Association No. 6, and DEP), satisfying due process under the Fourteenth Amendment to the United States Constitution and International Shoe Co. v. Washington, 326 U.S. 310 (1945).

7. The Venue is proper in the United States Middle District Court of Florida, pursuant to **28 U.S.C.§ 1391(b)(2)**, on the grounds that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this District, and the real property that is the subject of this action is located within this District.

8. **GEORGE THOMAS RHODEN AND KRISTIN ELAINE RHODEN** ("Plaintiffs") are natural persons residing at 21524 S. Lake George Drive NW, Oak

Grove, MN 55011. They are citizens of Minnesota who purchased real property in Charlotte County, Florida, from R & L in a transaction executed in June 2021, as detailed herein.

9. Defendant **LITTLE GASPARILLA PROPERTY OWNERS ASSOCIATION, INC.** (a Florida not-for-profit corporation) is a Florida not-for-profit corporation, Document Number N03000006962, FEI/EIN Number 75-3150300, filed on 08/11/2003, with its principal place of business at LITTLE GASPARILLA ISLAND, P.O. Box 3643, Placida, FL 33946, and mailing address at P.O. BOX 3643, Placida, FL 33946. The registered agent for service of process is Richard Leydon, located at LITTLE GASPARILLA ISLAND, P.O. Box 3643, Placida, FL 33946. LGPOA is responsible for overseeing property owners' interests on LGI, including coordination related to dock access, the implementation of the Little Gasparilla Island Dock Bill (Ch. 2014-237, Laws of Florida) (the "Dock Bill"), and guidance on forming dock associations for community docks.

10. Defendant **LGI DOCK 6 ASSOCIATION, INC.** (a Florida not-for-profit corporation) is a Florida not-for-profit corporation, Document Number NI 4000011538, FEI/EIN Number 473453278, filed on 12/19/2014, effective 01/01/2015, with its principal and mailing address at 1 172 South Ln, Englewood, FL 34224. The registered agent for service of process is Glen D. Schroeder, located

at 1 172 South Ln, Englewood, FL 34224. Dock Association No. 6 manages Community Dock No. 6 on LGI, specifically serving lots within the Seaboard Subdivision, with authority over membership and access rights pursuant to the Dock Bill.

11. Defendant **FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION** (a Florida state agency) is a state agency of the State of Florida, with its principal office at 3900 Commonwealth Boulevard, Tallahassee, Florida 32399. The registered agent for service of process is the Florida Attorney General or as otherwise provided by law for service on state agencies. DEP is responsible for managing sovereignty of submerged lands, issuing and administering leases for docks on such lands, including community or multi-slip docks, and approving authorizations or amendments to leases for grandfathered docks under the Dock Bill and Chapter 253, Florida Statutes.

12. Plaintiffs acknowledge that DEP, as a state agency, is generally entitled to sovereign immunity under Article X, Section 13 of the Florida Constitution and Fla. Stat. 768.28, which waives immunity only for tort claims up to $200,000 per person or $300,000 per incident, and only for acts outside the scope of discretionary governmental functions. However, Plaintiffs assert that DEP's involvement in this case is limited to ministerial acts (e.g., approving lease amendments) rather than discretionary policy-making, and thus sovereign

immunity does not bar declaratory or equitable relief sought herein to enforce Plaintiffs' established rights under the Dock Bill.

## ALLEGATIONS AND FACTS COMMON TO ALL CLAIMS

12. Plaintiffs purchased real property on Little Gasparilla Island ("LGI") consisting of four platted residential subdivision lots at 8194, 8198, 8190 and 8186 Grand Avenue, Placida, FL 33946 ("Grand Ave Lots") in W.A. McElya's Seaboard Subdivision, conveyed by R & L via a contract signed on March 20, 2021, amended April 6th, 2021, for $175,000.

> "*SBD 000 OOOA 001 IC SEABOARD BLKAALT 50 X 125 FT IN NI/2 LT 11500 FT W OF NE COR AKA P6 DCS59/1724 559/1725 842/2042 2330/971 & SBD 000 OOOA 0011B SEABOARD BLKAALT 50 X 125 FT IN NI/2 LT 11625 FT W OF NE COR AKA P-7 437/277 1258/1143 2379/1593 4325/1072, SEC TWP RNG of Charlotte County, Florida. Real Property Id No. 422016428003 & 422016428002.*"

*These lots were conveyed via a deed recorded on June 28, 2021, in Official Records Book 4794, Page 606, insured under Old Republic Policy No. OF6-8902062.*

See Exhibit A Warranty Deed, Exhibit I, Plat of subdivision.

13. LGI is an island, accessible only by water, with a Gulf side facing the Gulf of Mexico a/k/a Gulf of America, and a bay side facing Charlotte Harbor. Bay-side dock access is critical for interior lot owners, providing reliable ingress and egress to the mainland via boat, unlike Gulf side access, which is subject to tides, currents, and weather.

14. The Florida Department of Environmental Protection ("DEP") regulates docks on LGI, and the Little Gasparilla Island Dock Bill (signed into law June 13, 2014) governs grandfathering of unpermitted docks, requiring an "established right" by June 13, 2016. *See Exhibit B*.

15. Dock access was a material factor in Plaintiffs' decision to purchase the property. Without it, the property's value and usability are greatly diminished as there was no practicable route of ingress or egress:

a. Gulf-side access: Contemporaneously, Plaintiffs purchased a separate lot from a different seller that did include a border with the Gulf (not for reasons of access). Plaintiffs allege, based on advice and common knowledge, that Gulf-side approach or beaching would be hazardous, and well outside any customary or reasonable method for accessing the island, requiring specialized landing craft, mooring / beaching equipment, and an operator with specialized beaching training.

b. Water Taxi: After purchase, Plaintiffs used the for-fee water taxi service. Plaintiffs quickly learned that the water taxi was not a practical way onto/off the island:

*i. The water taxi service has no ownership or rented access to the island or a dock. Plaintiffs' neighbor, Mr. Friz Casper, has granted temporary permission, which may be withdrawn by Mr. Casper at*

*any time, to allow the water taxi to land and pick up / drop Plaintiffs off.*

*ii. Without a dock owner's permission, Plaintiffs could not even use the water taxi service (even if paying the $60 round trip).*

*iii. With the water taxi running limited-service times, Plaintiffs had no way off the island in the event of an emergency or urgent need. Plaintiffs simply could not rely on a third-party service for their only means of ingress/egress, even if they had permission to use another owner's dock.*

*iv. The water taxi is a private entity and could stop, discontinue, or deny services at any time and for any reason.*

c. Dock Association / Community Dock: Plaintiffs also explored obtaining access to a dock through existing dock associations and community docks located on the island. No dock membership was included with Plaintiffs' purchase of the subject property, and no membership was otherwise available to them. Despite multiple good-faith efforts by Plaintiffs to obtain membership or access, those requests were denied.

16. Plaintiffs purchased the property for $175,000, closing on June 28, 2021, with the deed recorded in Official Records Book 4794, Page 606. Exhibit A. The purchase price of $175,000 reflected the represented value with dock access, consistent with comparable LGI properties.

17. After closing, contacts with the Little Gasparilla Property Owners Association ("LGPOA") and dock associations revealed nothing explicit that would provide dock access for their property. See Exhibit C.

18. Plaintiffs made bona fide and reasonable efforts to join community dock associations, as outlined in Kristin Rhoden's February 14, 2024, email, but Plaintiffs were rejected due to no "established right." Gulf-side access proved impractical, and water taxis back and forth during normal use would be at a minimum of $2,500 year over year.

19. The absence of dock access reduced the property's value from $175,000 to $75,000 or less as landlocked lots without even pedestrian access, a diminution in value, and **a** significant loss of $100,000. Plaintiffs incurred $5,000 in incidental costs and lost use of the property as a retreat.

20. The title policy excludes dock access coverage, citing unrecorded easements and bridgeless island exceptions.

21. Plaintiffs are obligated to pay their attorney their fees and costs.

22. Plaintiffs seek to recover reasonable attorney fees and costs as allowed by F.S. Section 86.081 (declaratory judgment), and 42 U.S.C. 1988 (civil rights claims).

**COURT I DECLARATORY JUDGMENT**
**ESTABLISH RIGHTS TO DOCK ASSOCIATION MEMBERSHIP**
**(Claims against LGPOA, Dock Assoc. No. 6 and DEP)**

23. **Plaintiff realleges paragraphs 1 through 22, as is fully set forth herein.**

24. Pursuant to Section 86.021, Florida Statutes, Plaintiffs seek a declaration that, under the Dock Bill and applicable Florida law, they have an established right to membership in Dock Association No. 6, entitling them to bay-side dock access for the Property.

25. This right arises from the Property's location in the W.A. McElya's Seaboard Subdivision, the same subdivision as other lots granted membership in Dock Association No. 6, many of which lack explicit dock rights in their deeds, implying traditional service by community docks and equal eligibility under the Dock Bill's requirements for equal access. *See Exhibit D*. The failure of R & L to submit paperwork to the DEP or dock associations by the Dock Bill's June 13, 2016 deadline does not extinguish Plaintiffs' established right, as this right is inherent to the Property's location and the historical structure of the W.A. McElya's Seaboard Subdivision, consistent with the treatment of other lots in the same subdivision that were granted membership without explicit deeded rights. Id.

26. The intent of the Dock Bill, as stated in Chapter 2014-237, Laws of Florida, is "to provide a process to allow the continued use of certain existing

docks and structures on Little Gasparilla Island which were not permitted or do not conform to current standards, while ensuring environmental protection and equitable access for all property owners within the affected subdivisions." See Ch. 2014-237, Laws of Fla. Despite this intent, Plaintiffs' lots were left out of this process due to the previous owner's inaction, contrary to the bill's purpose of broad inclusion for interior lot owners.

27. The dock associations' stance that membership would be denied to an interior lot, including Plaintiffs', because there was no language in the deed (as there was no language related to dock access in almost all deeds of members), goes against the intent of the Dock Bill, which emphasizes equal access based on established rights rather than explicit deed language.

28. LGPOA, as the overseeing entity for property owners on LGI, has placed itself as a de facto or quasi homeowners' association over the lots of the W.A. McElya's Seaboard Subdivision, assuming responsibility for coordinating dock access and membership under the Dock Bill, and thus owes the lot owners, including Plaintiffs, duties and obligations similar to those of a homeowners' association under Fla. Stat. 720.303, including uniform enforcement and good faith administration of access rights.

29. The fact that other lots in the W.A. McElya's Seaboard Subdivision, served by Dock Association No. 6 were granted membership despite lacking

explicit dock rights in their deeds further supports that Plaintiffs' right to membership is not contingent on prior administrative action or deeded language, but rather on the Property's location within the same subdivision and the equitable application of the Dock Bill's provisions.

30. To effectuate Plaintiffs' membership in a dock association and access to a community dock, DEP (a Florida state agency) must allow or approve the inclusion of Plaintiffs' Property in the existing submerged land lease for the relevant community dock, as any addition of members may require DEP's authorization or lease amendment under Chapter 253, Florida Statutes.

31. The Seaboard Subdivision includes a 2-foot walkway easement among lots, facilitating pedestrian access to community amenities, including docks, as recorded in the subdivision's plat or related documents.

32. If Plaintiffs' Property is not already included in this 2-foot walkway easement, they are entitled to an easement from Grand Avenue to Community Dock No. 6 by necessity, due to the Property's landlocked status and reliance on dock access for usability, and/or by virtue of being in the Seaboard Subdivision, consistent with the Dock Bill's intent for all interior lots to have access.

33. DEP's approval is required for any easement affecting access to submerged lands or community docks under its lease authority.

34. Plaintiffs have made good faith attempts to join Dock Association No. 6, including communications with LGPOA and the associations (e.g., per Kristin Rhoden's February 14, 2024 email), but have been refused membership despite their established right.

38. A present, actual, and justiciable controversy exists between Plaintiffs and Defendants regarding Plaintiffs' established right to dock association membership and access in Dock Association No. 6 including DEP's role in approving the necessary submerged land lease provisions, and the right to an easement from Grand Avenue to Community Dock No. 6. Without such a declaration, Plaintiffs' Property remains effectively landlocked, diminishing its value from $175,000 to $75,000 or less and rendering it unusable for its intended purpose as a vacation retreat.

39. Plaintiffs have no adequate remedy at law absent this declaratory relief, as monetary damages cannot fully restore access to the Property.

**WHEREFORE**, Plaintiffs demand judgment against Defendants LGPOA, Dock Association No. 6, and DEP declaring that:

*a. Plaintiffs have an established right under the Little Gasparilla Island Dock Bill to membership in Dock Association No. 6 and bay-side dock access for the Property consisting of subdivision lots at 8194, 8198,*

*8190, and 8186 Grand Avenue, based on its location in the W.A. McElya's Seaboard Subdivision;*

b. *The failure of the previous owner, R & L Family, LLC, to submit paperwork to DEP or dock associations, and the absence of explicit dock rights in the Property's deed, do not extinguish this right, as evidenced by other lots in the W.A. McElya's Seaboard Subdivision granted membership without such deeded rights;*

c. *Despite the Dock Bill's intent to assign all interior lots to a community dock, Plaintiffs' lots were left out of the process, entitling them to relief to fulfill the bill's purpose;*

d. *Defendants LGPOA, Dock Association No. 6, are ordered to admit Plaintiffs to membership in Dock Association No. 6 upon payment of reasonable costs, dues, and fees; (e) Defendant DEP is ordered to approve the inclusion of Plaintiffs' Property subdivision lots in the submerged land lease for the relevant community dock, including any necessary amendments or authorizations;*

e. *Granting such other relief as this Court deems just and proper.*

**COUNT II DECLARATORY JUDGMENT**
**EASEMENT BY NECESSITY OR**

**SUBDIVISION RIGHT TO COMMUNITY DOCK NO. 6**
**(Against LGPOA, Dock Association No. 6, and DEP)**

40. Plaintiff realleges paragraphs 1 through 22, as is fully set forth herein.

41. Pursuant to Chapter 86, Florida Statutes, Plaintiffs seek a declaration of their rights to an easement from Grand Avenue to Community Dock No. 6, leveraging the existing 2-foot walkway easement among lots in the W.A. McElya's Seaboard Subdivision. *See Exhibit D*.

42. A present and actual controversy exists regarding Plaintiffs' right to pedestrian access to Community Dock No. 6, as the Property is landlocked by water and lacks reliable ingress/egress without such an easement, consistent with the Dock Bill's intent and the subdivision's structure. 148. The W.A. McElya's Seaboard Subdivision includes a 2-foot walkway easement among lots, facilitating access to community amenities, including docks, as recorded in the subdivision plat or related documents. Id.

43. Plaintiffs' Property, as part of the W.A. McElya's Seaboard Subdivision, is either already included in this easement or entitled to inclusion by necessity (due to the lack of practicable access) and/or by virtue of being in the same subdivision, to ensure uniform treatment and usability for interior lots reliant on Community Dock No. 6.

44. This easement is necessary to restore the Property's value and usability as a vacation retreat, and to fulfill the Dock Bill's purpose of providing access for all interior lots.

45. DEP (a Florida state agency) must approve any easement affecting access to submerged lands or Community Dock No. 6 under its lease authority.

46. Plaintiffs have no adequate remedy at law absent this declaratory relief**.**

**WHEREFORE,** Plaintiff's demand judgment against Defendants LGPOA, Dock Association No.6, and DEP declaring that:

*a. Plaintiffs are entitled to an easement from Grand Avenue to Community Dock No. 6, either as part of the existing 2-foot walkway easement or by necessity/subdivision right;*

*b. Defendant DEP is ordered to approve any necessary amendments or authorizations to the submerged land lease to facilitate this easement; and*

*c. Granting such other relief as this Court deems just and proper.*

**COUNT III VIOLATION OF EQUAL PROTECTION CLAUSE**

(Under 42 U.S.C. 1983 and Article I, Section 2
of the Florida Constitution)
(Against LGPOA, Dock Association No. 6, and DEP)

47. Plaintiff realleges paragraphs 1 through 22, as is fully set forth herein.

48. Pursuant to 42 U.S.C. 1983, Plaintiffs bring this claim against LGPOA, Dock Association No. 6, and DEP for violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Florida Constitution.

49. Plaintiffs and other lot owners in the W.A. McElya's Seaboard Subdivision are similarly situated, as all own interior lots on LGI reliant on community dock access for usability and value, governed by the same Dock Bill framework. *See Exhibit D*.

50. Defendants LGPOA and Dock Association No. 6 have granted dock association membership to several other related subdivision interior lots in the W.A. McElya's Seaboard Subdivision but arbitrarily denied it to Plaintiffs' Property consisting of subdivision lots, without a rational basis for the distinction.

51. This unequal treatment deprives Plaintiffs of the benefits of dock access, including reliable ingress/egress, property usability, and value, while providing those benefits to Identically situated lot owners.

52. DEP, as a state actor, has perpetuated this inequality by failing to approve or require inclusion of Plaintiffs' Property in submerged land leases or grandfathered dock authorizations under the Dock Bill, despite approving access for other subdivision lots.

53. LGPOA and Dock Association No. 6 engage in state action by administering the Dock Bill—a state law delegating regulatory authority over dock access—and by enforcing exclusions that affect fundamental property rights, analogous to homeowners' associations subject to state action in cases of discriminatory covenant enforcement.

54. The denial lacks any rational basis, as Plaintiffs' lots are indistinguishable from others in the subdivision that received membership, resulting in arbitrary discrimination that diminishes the Property's value by over $100,000 and renders it unusable.

55. As a direct result, Plaintiffs have suffered damages, including loss of property value, incidental costs of $5,000, and loss of use as a vacation retreat.

56. Plaintiffs seek declaratory and injunctive relief to remedy this violation, including an order requiring membership admission and lease approval, as well as compensatory damages and attorney's fees under 1983.

**WHEREFORE**, Plaintiffs demand judgment against Defendants LGPOA, Dock Association No. 6, and DEP (a Florida state agency) declaring the denial of membership unconstitutional under the Equal Protection Clause; granting permanent injunctive relief by ordering Defendants to grant Plaintiffs' subdivision lots membership in Dock Association No. 6, and; approve necessary lease amendments; (or, in the alternative, awarding compensatory damages for the diminution in value of Plaintiffs' property and attorney fees (LGPOA, Dock Association No. 6)); and such other relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiffs demand a trial by jury on all issues so triable.

DATED September 14, 2026.

Respectfully submitted,

By: /s/ Christopher DeCosta___
Christopher J. DeCosta, Esq.
Florida Bar No.: 271410
Mahshie & DeCosta, P.A.
1560 Matthew Drive, Suite E
Fort Myers, FL 33907
Telephone: (239) 931-7566
Facsimile: (239) 931-7560
Email: Eservice@md-lawfirm.com
Chris@md-lawfirm.com
Secondary: mariela@md-lawfirm.com